UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL JARDIN,
   Plaintiff,

v.

COXCOM, LLC d/b/a COX
COMMUNICATIONS NEW
ENGLAND,
   Defendant.

C.A. No. 17-097-JJM-LDA

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Michael Jardin sued his former employer Defendant CoxCom, LLC d/b/a Cox Communications New England ("Cox") for age-based employment discrimination. Before the Court is Cox's Motion for Summary Judgment. ECF No. 11. Because the Court finds that the material facts are not in dispute, summary judgment is appropriate. Those undisputed facts, interpreted through the law of age discrimination, are in Cox's favor; as such, the Court GRANTS Cox's motion.

I.    FACTS

Mr. Jardin drove a Cox-branded vehicle as a facilities technician, performing maintenance work inside and outside the company from 1996 until 2015. During the course of his employment, Mr. Jardin maintained satisfactory standing and Cox never reprimanded him for any misconduct. On July 9, 2015, Cox terminated him for egregious misconduct as set forth in Cox's Corrective Action Policy, specifically for

dumping trash in the parking lot of one of Cox's customers. Mr. Jardin was 53 years old when he was terminated; Cox employed at least 195 other individuals who were Mr. Jardin's age or older.

Mr. Jardin argues that he began to have issues at work when Todd Andrukiewicz became interim facilities supervisor and Odell Anderson assumed the role of facilities manager in February 2015. Immediately after Mr. Andrukiewicz started as interim supervisor and five months prior to Mr. Jardin's termination, in two different department meetings, Mr. Andrukiewicz referred to Mr. Jardin as a "weird old man." When Mr. Jardin responded, "Why do you keep doing this?" Mr. Andrukiewicz apologized. Mr. Jardin also asserts that Mr. Andrukiewicz gave him fewer projects and assignments and required him to do corporate tracer training, but sent two younger individuals before or instead of Mr. Jardin.[1] His pay and benefits remained the same and he worked the same amount of overtime hours.

In June 2015, Cox received a complaint from one of its customers, Pawtucket Public Access, that someone had dropped trash out of a Cox-branded vehicle onto its premises. Cox then began an investigation. After viewing two surveillance videos, Cox made a preliminary determination that Mr. Jardin was likely responsible for dumping the trash at Pawtucket Public Access. On July 9, 2015, Mr. Andrukiewicz, Mr. Anderson, and a Cox Human Resources Manager, William Roccio interviewed

---

[1] Cox asserts that the issue of training is not material, and even if it is, Mr. Jardin's argument that Cox denied him training in favor of younger employees is based on his self-serving statements only and not on competent evidence. The Court finds that there is no evidence in the record that Cox explicitly denied Mr. Jardin this training.

2

Mr. Jardin. During the interview, as well as in his deposition, Mr. Jardin admitted to dropping the trash on the customer's premises and failing to pick it up, but asserted that he did not intentionally litter. Based on this admission, Cox terminated Mr. Jardin for "egregious misconduct" under its Corrective Action Policy.

Following his termination, Mr. Jardin filed suit against Cox alleging employment discrimination based on age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1967) ("ADEA"), the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.* (1990) ("RICRA"), and the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.* (2013) ("RIFEPA"). In response, Cox has moved for summary judgment.

## II. STANDARD OF REVIEW

The Court can grant summary judgment only when it finds that no genuine dispute as to the material facts of the case exists and that the undisputed issues give rise to an entitlement to judgment as a matter of law. *See Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). The Court must and will view evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *Id.*

## III. ANALYSIS

The three statutes cited in Mr. Jardin's complaint provide essentially the same protection against discrimination at work based on age. *See Neri v. Ross Simons, Inc.*, 897 A.2d 42, 48 (R.I. 2006) (the law underlying the state's statutory claims is based largely on federal caselaw interpreted and applying federal law under the

ADEA so the applicable caselaw for all three counts is the same). The ADEA makes it unlawful for employers to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (1967). Similarly, the RICRA and RIFEPA prohibit employers from discriminating against individuals with respect to terms, conditions or privileges of employment because of "race, color, religion, sex . . . age, or country of ancestral origin." R.I. Gen. Laws § 42-112-1 (1990); R.I. Gen. Laws § 28-5-7 (2012).

The United States Supreme Court in *McDonnell Douglas Corp. v. Green* set forth a burden-shifting method to aid in the analysis. 411 U.S. 792 (1973). Analyzing an employment discrimination case can be challenging due to its subtleties; employment discrimination rarely comes with "smoking gun" evidence or eyewitness testimony. Under the *McDonnell Douglas* framework, a plaintiff must establish a prima facie case. The First Circuit has held that proving a prima facie case in a discrimination action is "not onerous." *Smith v. Stratus Comput., Inc.*, 40 F.3d 11, 15 n.4 (1st Cir. 1994). "If the plaintiff successfully bears this relatively light burden, we presume that the employer engaged in impermissible [ ] discrimination." *Id.* at 15 (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). The burden then shifts to the employer, who must then state a legitimate, nondiscriminatory reason for its decision; if the employer is successful, the inference of discrimination then disappears. The plaintiff is then required to show that the employer's stated reason is a pretext for discrimination. *See Kosereis v. Rhode*

4

*Island*, 331 F.3d 207, 212 (1st Cir. 2003). "The 'ultimate touchstone' of the *McDonnell Douglas* analysis is whether the employer's actions were improperly motivated by discrimination. Evidence that the employer's stated reasons for its actions are pretextual can be sufficient to show improper motive, and hence, allow the plaintiff to survive summary judgment." *Kosereis*, 331 F.3d at 213-14 (internal citations omitted).

1. Prima Facie Case of Discrimination

A plaintiff can establish a prima facie case of discrimination by demonstrating that:

> (1) []he is a member of a protected class; (2) []he was performing his job at a level that rules out the possibility that he was fired for inadequate job performance; (3) []he suffered an adverse job action by his employer; and (4) [his] employer sought a replacement for [him] with roughly equivalent qualifications.

*Smith*, 40 F.3d at 15 (citing *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992)).

For purposes of this motion, Cox does not dispute that Mr. Jardin has met these four elements, conceding that (1) Mr. Jardin is part of the protected class due to his age; (2) he maintained a satisfactory standing as an employee at Cox; (3) he was terminated by Cox; and (4) his position was not filled, but his co-worker, who had similar qualifications and job responsibilities, assumed many of Mr. Jardin's assignments and projects.

2. Nondiscriminatory Reason

Because Mr. Jardin has met his modest prima facie burden, raising an inference of intentional discrimination, "that inference shifts the burden of

production to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision." *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010).

Cox has articulated a legitimate, nondiscriminatory reason for Mr. Jardin's termination, that is, he committed misconduct in violation of Cox policy. The misconduct, which Mr. Jardin does not dispute, was that he knowingly failed to pick up trash that fell out of his Cox-branded vehicle onto a customer's property. Whether dumping the trash was intentional or not, Cox determined that Mr. Jardin violated Cox policy and decided to terminate him. Whether this Court or anyone else would have made that same decision under these circumstances is irrelevant. "Courts may not sit as super personnel departments, assessing the merits- or even rationality–of employers' nondiscriminatory business decisions." *Mesnick*, 950 F.2d at 825. The Court finds that Cox has met its burden of producing a legitimate, nondiscriminatory reason for terminating Mr. Jardin's employment.

3. Pretext

The burden then shifts back to Mr. Jardin, who must prove that Cox's reason for termination was a pretext for discriminatory motives. He has the burden to produce evidence, (1) that Cox fabricated the proffered reason for termination–violation of Cox policy, and (2) that Cox's true motive to terminate him was age discrimination. To show pretext, a plaintiff "must do more than cast doubt on the rationale proffered by the employer[;]" "'the evidence must be of such strength and quality as to permit a reasonable finding that the ... [termination] was obviously or

manifestly unsupported.'" *Ruiz v. Posadas de San Juan Assocs.*, 124 F.3d 243, 248-49 (1st Cir. 1997) (quoting *Brown v. Tr. of Boston Univ.*, 891 F.2d 337, 346 (1st Cir. 1989).

This is where Mr. Jardin's claim of age discrimination begins to unravel. First, the Court notes that Mr. Jardin has produced no evidence that Cox fabricated its reason for firing him. In fact, he admitted that he did not pick up trash that fell out of his truck onto a customer's property. Even if one found, however, that Cox fabricated the reason for firing Mr. Jardin[2], Mr. Jardin's claim ultimately fails because he cannot prove that the true motive was age discrimination

On the final element, after reviewing the evidence, the Court finds that Mr. Jardin failed to present evidence that his age was the real reason Cox fired him. He asserts that on two occasions, Mr. Andrukiewicz, his interim supervisor, made a comment within the first few weeks after he started the job, that Mr. Jardin was a "weird old man" and that Mr. Andrukiewicz changed his job responsibilities. Regarding the comments, it is undisputed that Mr. Andrukiewicz made the comments and he apologized to Mr. Jardin. After he apologized, there is no evidence that any other Cox employee made age-related comments about Mr. Jardin. *See Cameron v. Idearc Media Corp.*, 685 F.3d 44, 50 (1st Cir. 2012); *Gregory v. Centreville Sav. Bank*, C.A. No. 11-423M, 2013 WL 244765, at *8 (D.R.I. January 4, 2013) ("an age

---

[2] It is hard to believe that Cox fired an employee with 19 years of service and an unblemished record for throwing trash out of his Cox vehicle. However, even if this reason for his firing is not the real reason, the second element of proof (that the firing was actually for age discrimination) is still required.

7

discrimination claim cannot rest on the foundation of a stray remark"). In addition, although Mr. Andrukiewicz supported the decision to terminate Mr. Jardin for his misconduct, he was not primarily responsible for doing so; Human Resources Manager William Roccio made this final decision.

Furthermore, Mr. Jardin has failed to draw a causal relationship between the remarks and his termination. Mr. Andrukiewicz made these remarks around four to five months prior to Mr. Jardin's termination. Where isolated remarks–like those attributed to Mr. Andrukiewicz here–lack specific timing or context or linkage to the adverse employment decision, they are insufficient to prove an employer's discriminatory animus. *See Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 36 (1st Cir. 2001).

The final evidence that Mr. Jardin presents on pretext is that his job assignments and projects changed once Mr. Andrukiewicz became his supervisor. A plaintiff in a disparate treatment case based on age has the burden to prove that his employer treated him differently from "persons situated similarly in all relevant aspects." *Smith*, 40 F.3d at 17 (internal citations omitted). "[I]n order to be probative of discriminatory animus, a claim of disparate treatment 'must rest on proof that the proposed analogue is similarly situated in material respects.'" *Velez v. Thermo King de Puerto Rico, Inc.*, 585 F.3d 441, 451 (1st Cir. 2009) (quoting *Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 752 (1st Cir. 1996)).

Mr. Andrukiewicz began requiring Mr. Jardin to complete detailed spreadsheets indicating the work that he was performing, but the other facilities

technician with a role similar to Mr. Jardin was also required to do the same. Mr. Jardin alleges that Cox denied him the opportunity to participate in required training programs, but presents no evidence that Cox or his supervisors did not allow him to attend the training. And while some of his duties were changed, Mr. Jardin suffered no reduction in pay, and he was able to maintain his overtime hours. The undisputed evidence does not demonstrate that his job adjustment coincided with age discrimination.

IV. CONCLUSION

Mr. Jardin failed to prove that his termination was a pretext for age discrimination. For the reasons stated above, this Court GRANTS summary judgment in favor of Cox. ECF No. 11.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

July 30, 2018